**VAUGHAN, Plaintiff-Appellee, v. VAUGHAN et, Defendants-Appellants.**

Ohio Appeals, Tenth District, Franklin County.

No. 5776.  Decided May 20, 1958.

Howard H. Gillard, Columbus, for plaintiff-appellee.

Lewis M. Levinson, Columbus, for Verna Vaughan, defendant-appellant.

Hylas A. Hilliard, Columbus, for The Buckeye Federal Savings & Loan Association, defendant-appellant.

Samuel L. Devine, Pros. Atty., Ralph H. Heller, Asst. Pros. Atty., Columbus, for Newton A. Thatcher, Franklin County Treasurer, defendant-appellant.

## OPINION

By BRYANT, J.

This matter was begun in the Court of Common Pleas of Franklin County, Ohio, by the filing of a petition seeking judgment on a promissory note and foreclosure of a mortgage given to secure the note. George P. Vaughan, plaintiff-appellee herein, will be referred to as plaintiff; Verna Vaughan, defendant-appellant herein, will be referred to as defendant, and other defendants-appellants will be referred to as in the court below.

Plaintiff asks judgment of $2,000 and interest and foreclosure of his mortgage and that the Buckeye Federal Savings & Loan Association be required to set up its claim and that after the sale of the premises involved, the money be distributed according to the preference to which the parties were entitled. Thereafter, Newton A. Thatcher, Treasurer of Franklin County, Ohio was made a party defendant, and the said Buckeye Federal Savings & Loan Association filed its answer and cross-petition setting up its claim under a note and mortgage.

Verna Vaughan filed her answer and cross-petition containing these four defenses: (1) denying execution of the note in question; (2) denying there was consideration for the note; (3) claiming that said note was procured by fraud, misrepresentation, deceit and duress and (4) alleging that the mortgage deed in favor of plaintiff is, therefore, wholly void.

Said defendant prays for a declaration that the note and mortgage were void. The answer of the Franklin County Treasurer asks that his lien for taxes, assessments, penalties and interest be declared valid first and best lien.

The matter came on for hearing, following which Leach, J., found in favor of the plaintiff and against Verna Vaughan upon the prayer and judgment for $2,000 and the note and mortgage. The journal entry incorporating this decision gave judgment in favor of George P. Vaughan in the amount of $2,701.47 on the note and mortgage, recognized the claims of the other defendants, and directed sale of the property.

Motions for a new trial and for judgment non obstante veredicto were made and overruled, after which notice of appeal on questions of law and fact was filed by counsel for Verna Vaughan.

The principal arguments of counsel for Mrs. Vaughn seem to be with reference to the question of consideration or the lack thereof or the adequacy thereof and the effect upon the validity of the note and mortgage in question.

The lower court held that there was a failure of proof of inadequacy of consideration and that Mrs. Vaughan did in fact sign both the note and mortgage in question, and we find ourselves in agreement with this holding of the lower court. The lower court also found, as we do, that there was, in fact, adequate consideration for the execution of the note and mortgage, which was sufficient to sustain the cause of action thereon. It is our opinion that we are not required to weigh the exact value thereof, but on the other hand, unless such consideration was so inadequate as to indicate fraud, we should uphold it as sufficient.

The Supreme Court of Ohio, in the case of **Judy v. Louderman**, 48 **Oh St** 562, in the second branch of the syllabus held as follows:

"While it is necessary that the consideration of a promise should be of some value, it is sufficient if it be such as could be valuable to the party promising; and the law will not enter into an inquiry as to the adequacy of the consideration, but will leave the parties to be the sole judges of the benefits to be derived from their contracts, unless the inadequacy of consideration is so gross as of itself to prove fraud or imposition."

After giving careful consideration to the issues involved in this case, the briefs and arguments of counsel and the record, we find ourselves in agreement with the holdings of the trial court, and we so hold.

In conclusion, therefore, it is our opinion that the court below rendered a proper decision in this case, which we approve and adopt. The entry will correspond to the one in the court below with proper modification due to the passage of time since March 14, 1957.

PETREE, PJ, MILLER, J, concur.